IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIVIL NO. 15-00215 DKW/BMK |
| Plaintiff, | ) ORDER DENYING IN FORMA ) PAUPERIS APPLICATION AND |
| vs. | ) DISMISSING ACTION PURSUANT ) TO 28 U.S.C. §§ 1915(e)(2)(B)(i) |
| ALL THE DEFENDANTS FROM USDC NO. CV15-0059 DKW-BMK, | ) and 1915(g) ) |
| Defendants. | ) ) |

## ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(g)

Before the court is *pro se* Plaintiff Peter R. Tia's prisoner civil rights Complaint and *in forma pauperis* ("IFP") application. Doc. Nos. 1, 2. Tia sues "All the Defendants" named in *Tia v. Staggs, et al.*, Civ. No. 15-00159 DKW/BMK (D. Haw. May 7, 2015), which was dismissed without prejudice on May 7, 2015, pursuant to 28 U.S.C. § 1915(g). *See* Compl., Doc. No. 1.

Tia again alleges that Defendants are part of a Japanese conspiracy to prevent him from developing inventions to prevent global warming and cure

certain cancers.¹ Tia alleges that, because he is a Mormon, a Polynesian, and a member of one of the lost tribes of Israel (with Enrico Fermi and Al Capone), Defendants acted to prevent him from attending graduate school and perfecting his inventions. *See generally*, Compl., Doc. No. 1.

Tia's IFP application is DENIED pursuant to 28 U.S.C. § 1915(g), and this action is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. **28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d

---

¹ Tia made these allegations in Civ. No. 15-00159, and in *Tia v. Akasaki, et al.*, Civ. No. 15-00199 JMS/KSC (D. Haw. June 4, 2015) (dismissed with prejudice as frivolous and IFP denied under 28 U.S.C. § 1915(g)).

1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

At least three of Tia's federal cases qualify as "strikes" under § 1915(g):

    (1)    *Tia v. Fujita*, Civ. No. 08-00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim);

    (2)    *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and

    (3)    *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim).

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited June 9, 2015). Tia has had notice and an opportunity to challenge these strikes. *See, e.g.*, *Tia v. Borges*, 1:12-cv-00158 HG/BMK (D. Haw. 2012), and App. No. 12-16158 (9th Cir. Aug. 9, 2012), Doc. No. 26 ("[T]he district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim[.]"). Tia may not bring a civil action without complete prepayment of the $400.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"[T]he [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Tia's conspiracy claims do not plausibly allege that he was in imminent danger of serious physical injury when he filed this action, particularly due to any named Defendants' action. Tia may not proceed without prepayment of the civil filing fee, and his IFP application is DENIED.

## II. 28 U.S.C. § 1915(e)(2)(B)(i)

Under 28 U.S.C. § 1915(e)(2), federal courts have the authority to dismiss an action if it "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such relief." *Id.* The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Id.* A claim lacks an arguable basis in fact "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

4

Claims describing "fantastic or delusional scenarios," and "whose factual contentions are clearly baseless" should be dismissed. *Neitzke*, 409 U.S. at 327-28.

Tia's claims that the Defendants he named in Civ. No. 15-00159, who include prison employees and inmates in Hawaii and on the Mainland, the U.S. District Judges for the District of Hawaii, the Hawaii Paroling Authority, and the Halawa Correctional Facility, conspired to prevent him from attending graduate school, and thus, fulfilling his dream to cure cancer and control global warming, because he is a Mormon, Polynesian, and member of the lost tribe of Israel, and because they are Japanese, are frivolous, fantastic, and delusional. These claims are not amenable to amendment. This action is therefore DISMISSED with prejudice. *See id.*; *Denton*, 504 U.S. at 33; *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013) (allowing dismissal with prejudice if amendment is futile).

## III.  CONCLUSION

Tia's *in forma pauperis* application is DENIED pursuant to 28 U.S.C. § 1915(g).  Although normally the court would dismiss an action under § 1915(g) without prejudice to refiling with concurrent payment of the filing fee, because Tia's claims are clearly frivolous and not amenable to amendment, this action is

DISMISSED with prejudice. Any pending motions are terminated. The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED: June 15, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---
*PETER R. TIA, #A1013142 v. ALL THE DEFENDANTS FROM USDC NO. CV15-0059 DKW-BMK*, Civil No. 15-00215 DKW-BMK; ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(g)

*Tia v. All Defendants,* Civ. No. 15-00215 DKW/BMK; 3stk 2015/ Tia 15-215 dkw/  J:\PSA Draft Ords\DKW\Tia 15-215 dkw (v. all D's 15-159).wpd